UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| REYMUNDO LOZADA, | : | |
|     Plaintiff, | : | CIVIL ACTION NO.: |
| | : | |
| v. | : | 3:15-cv-1231 (VLB) |
| | : | |
| UCONN HEALTH CENTER, et al., | : | September 16, 2015 |
|     Defendants. | : | |

## INITIAL REVIEW ORDER

Plaintiff Reymundo Lozada, pro se and incarcerated at the Garner Correctional Institution in Newtown, Connecticut, brings this 42 U.S.C. § 1983 complaint against the University of Connecticut Health Center ("UCHC") and two individual medical providers who have yet to be named. In his complaint dated August 11, 2015, Lozada alleges that Defendants refused to provide him with medical treatment after he cut himself with a metal shard during a psychological episode. The Court has already granted Lozada leave to proceed *in forma pauperis*. For the following reasons, the claims against UCHC are DISMISSED, and Plaintiff is ORDERED to file an amended complaint within 35 days identifying the unnamed individual defendants and alleging facts that describe the specific actions taken by each of them.

### Factual Background

Lozada brings this civil rights action seeking monetary damages from UCHC, Doctor "Jane Doe," and Nurse "John Doe." The complaint contains the following allegations, which are assumed to be true. On February 21, 2014, while

confined at Northern Correctional Institution ("Northern"), Lozada began suffering from a psychological episode and as a result cut his leg with a shard of metal. Lozada was transported by ambulance to UCHC. Upon his arrival, UCHC medical staff informed the transporting officers that they would not treat Lozada. The transporting officers unsuccessfully argued with UCHC medical staff on Lozada's behalf. UCHC medical staff provided the officers with paperwork discharging Lozada on the ground that he had refused treatment. The transporting officers stated that they would not lie to make it appear as if Lozada had refused treatment. Overnight, Northern medical staff tried unsuccessfully to stop the bleeding. Northern medical staff became so concerned that they called Warden on the weekend to facilitate medical treatment. On February 22, 2014, Lozada returned to UCHC where he received seventeen sutures. UCHC medical staff refused to remove the piece of metal from his back.

## DISCUSSION

This Court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, this Court must dismiss the complaint, or any portion thereof, if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b). However, "[a] *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Grullon v. City of New Haven*, 720 F.3d 133,

139 (2d Cir. 2013) (internal quotation marks and alterations omitted).  An amended complaint is rightfully dismissed when it fails to cure the defects noted in an initial review order.  *See Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (affirming dismissal without leave to amend of pro se complaint for failure to state a claim because plaintiff did not fix defects noted in initial dismissal order granting leave to amend).

A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When reviewing a complaint for facial plausibility, a district court must "accept[ ] all factual allegations as true and draw[ ] all reasonable inferences in favor of the plaintiff." *Litwin v. Blackstone Grp., L.P.*, 634 F.3d 706, 715 (2d Cir. 2011).  Courts should read a pro se complaint with "special solicitude" and interpret the complaint "to raise the strongest claims that it suggests." *Hill v. Curcione,* 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks and alterations omitted).

Section 1983 provides, in part, that "[e]very person who . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured[.]"  42 U.S.C. § 1983.  A state and its agencies are not considered persons within the

meaning of section 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  A state university is a state agency.  *See Gaby v. Bd. of Trs. of Cmty. Tech. Colls.*, 348 F.3d 62, 63 (2d Cir. 2003) (per curiam) (observing that state university is not a person within the meaning of Section 1983 and holding that a Board of Trustees of a state university also does not constitute a person).  Because UCHC is the medical center of a state university, it is not a person within the meaning of Section 1983.  *Stewart v. John Dempsey Hosp.*, 2004 WL 78145, at *2 (D. Conn. Jan. 9, 2004) (holding that UCHC is not a person within the meaning of section 1983).  Accordingly, the claims against UCHC are DISMISSED.

The only remaining defendants are unnamed defendants.  Lozada may be able to state claims against them, but more information is required.  It's unclear during which incidents (the first visit, second visit, or both) the defendants were present and what specific role they played in denying the requested treatment.  Moreover, the Court cannot effectuate service without their names.  Accordingly, within 35 days, Lozada must file an amended complaint alleging facts that describe the specific actions taken by these two defendants and identifying them by name.

## Conclusion

For the foregoing reasons, the Court DISMISSES all claims against UCHC, and Plaintiff is ORDERED to file an amended complaint within 35 days identifying the unnamed individual defendants and alleging facts that describe the specific actions taken by each of them.  THE  FAILURE TO FILE AN AMENDED

4

COMPLAINT IN ACCORDANCE WITH THIS ORDER ON OR BEFORE OCTOBER 21, 2015 WILL RESULT IN THE DISMISSAL OF THE COMPLAINT WITHOUT PREJUDICE AND WITHOUT FURTHER NOTICE FROM THE COURT.

IT IS SO ORDERED.

                                                                                /s/               

**Vanessa L. Bryant**
**United States District Judge**

Order dated in Hartford, Connecticut on September 16, 2015.